UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-166-MOC-DCK

| | |
|---|---|
| ANDRE ANTONIO DAVIS, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE CRAWFORD GROUP, INC., et al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, filed by Defendants The Crawford Group, Inc.; Enterprise Holdings Inc., improperly named as Enterprise Holding Inc.; and Enterprise Leasing Company-Southeast, LLC, under 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. No. 9).

**I.     BACKGROUND**

The Crawford Group, Inc. is the parent corporation of Enterprise Holdings, Inc. Enterprise Holdings, Inc., in turn, is the ultimate holding company for the various Enterprise rental car operating affiliates. Enterprise Leasing Company-Southeast, LLC is the affiliate that operates the local Enterprise Rent-A-Car branch ("Enterprise") in Gastonia, North Carolina.

Pro Plaintiff Andre Davis alleges that on two occasions he rented cars from the Gastonia, North Carolina, Enterprise location. He claims that on these two occasions, Defendants conspired with numerous United States governmental officials and other prominent people and

---

[1] Christine B. Taylor and Nick Breshesheares joined in the motion to dismiss, but Plaintiff has voluntarily dismissed these two individuals as named Defendants. (Doc. No. 17).

1

corporations to install or to allow to be installed spy equipment on the rental cars. According to Davis, the spy equipment hacked into his cell phone and other computer devices and transmitted his location to the said corporations, governmental officials, and others. These officials and the defendants then caused numerous military and civilian aircraft to follow Davis in an elaborate global conspiracy to steal his information and somehow rob the United States Treasury. Davis seeks to recover damages on numerous theories in an amount in excess of $1.2 billion.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th

2

Cir. 2003)).

### III. DISCUSSION

Plaintiff has not alleged any logical or cognizable legal theory advanced against Defendants. Indeed, Plaintiff's factual allegations are fantastical and delusional. Because Plaintiff's Complaint fails to state a valid claim for relief, dismissal is warranted under Rule 12(b)(6).

### IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted and this action is dismissed with prejudice.

Finally, this Court notes that this lawsuit is but one in a string of similar lawsuits recently filed by Plaintiff against various other entities and individuals. See, e.g., Davis v. Amazon.com Inc., No. 3:21-cv-00150-GCM (W.D.N.C. June 23, 2021) (Doc. No. 3) (dismissing Plaintiff's Complaint with prejudice where Plaintiff alleged Amazon conspired with InfraGard to not deliver packages to him; "the Complaint is frivolous on its face and fails to state a claim upon which relief can be granted"); Davis v. Pichai, Case No. 3:21-cv-00228-GCM (W.D.N.C. June 9, 2021) (Doc. No. 3) (dismissing case with prejudice where Plaintiff claimed Google conspired with InfraGard to track Plaintiff using its software and Google Maps); Davis v. Bridgestone Corp., No. 3:21-cv-00149-MOC-DCK (W.D.N.C. July 26, 2021) (Doc. No. 5) (alleging that Bridgestone Americas aided the U.S. Department of Homeland Security to install tracking equipment on Plaintiff's car); Davis v. The Crawford Grp. Inc., No. 3:21-cv-00166-MOC-DSC (W.D.N.C. Apr. 14, 2021) (Doc. No. 1) (claiming that The Crawford Group Inc., Enterprise Holdings, Inc., and Enterprise Rent a Car have been conspiring with InfraGard to attach tracking equipment to Plaintiff's car and monitor him via satellite); Davis v. O'Connell et al., No. 3:21-

cv-00056-RJC-WCM (W.D.N.C. Feb. 4, 2021) (Doc. No. 1) (alleging that InfraGard agents attached a tracking device to Plaintiff's car and have been following him).

Plaintiff's numerous frivolous and vexatious filings are placing undue burden on the Court's already heavy docket. The Court has the inherent authority to require a litigious filer to pay monetary sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991); see also Armstrong v. Koury Corp., 16 F.Supp.2d 616, 620 (M.D.N.C.1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). Further, courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction. Armstrong, 16 F.Supp.2d. at 620.

**Therefore, Plaintiff is hereby on notice that if he continues to file frivolous and meritless lawsuits in this Court, the Court will not hesitate to institute a pre-filing injunction against Plaintiff, along with hefty monetary sanctions.**

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss, (Doc. No. 9), is **GRANTED**.
2. This action is dismissed with prejudice.
3. The Clerk is directed to terminate this action.

Signed: September 16, 2021

Max O. Cogburn Jr.
United States District Judge